AARON MATHIS, PLAINTIFF-RESPONDENT, v. MICHAEL FANTOZZI, DEFENDANT-APPELLANT.

J & R AUTO SALES, INC., *ET AL.*, PLAINTIFF-RESPONDENT, v. AARON MATHIS, DEFENDANT- RESPONDENT, AND MICHAEL FANTOZZI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 24, 1969—Decided March 28, 1969.

Before Judges GOLDMANN, KOLOVSKY and CARTON.

*Mr. Harold J. Ruvoldt, Jr.* argued the cause for appellant (*Messrs. Ruvoldt & Ruvoldt,* attorneys).

*Mr. Mark A. Aurigemma* argued the cause for respondent Mathis (*Mr. Samuel H. Stein,* attorney).

Respondent J & R Auto Sales, Inc. relied on the brief filed on behalf of respondent Mathis (*Mr. Victor F. DeVito,* attorney).

PER CURIAM.  Defendant Fantozzi appeals from separate judgments entered on a jury verdict in these consolidated actions, awarding plaintiff Mathis $1,470 for his personal injuries and plaintiff J & R Sales, Inc. $925 for property damage.  He also appeals from the denial of his motion for a new trial.

We agree with the trial court that since both Mathis and Fantozzi acknowledged that drivers using the Hudson County Boulevard stop at the nearest corner when the lights on the Boulevard are red against them — a practice which both said they followed — that practice was appropriately a factor to be considered by the jury in determining the issue of negligence.  Accordingly, we find no merit in the claim that it was error to admit testimony as to such custom and usage. 2 *Restatement, Torts 2d,* § 295A, *p.* 62 (1965); 2 *Harper and James, The Law of Torts,* 977 *et seq.* (1956);

Annotation, "Custom or practice of drivers of motor vehicles as affecting question of negligence," 172 *A. L. R.* 1141 (1948), 77 *A. L. R. 2d* 1327 (1961). Nor was there prejudicial error, in the circumstances here present, to permit evidence of the custom even though it had not been specifically pleaded. See 38 *Am. Jur., Negligence,* § 267, *p.* 957 (1941).

We have examined the trial judge's charge and, contrary to defendant's contention, find no error therein.

Affirmed.